In the Matter of George Calvin RANKIN, Jr. a/k/a "Buzz Rankin" and Dorothy Rankin, husband and wife, Debtors.

**FIRST NATIONAL BANK OF MERCER COUNTY, Plaintiff,**

v.

George Calvin RANKIN, Jr. a/k/a Buzz Rankin and Dorothy Rankin; and Henry S. Moore, Trustee, Defendants.

Bankruptcy No. 81–00626.
Adv. No. 82–0388.

United States Bankruptcy Court, W.D. Pennsylvania.

May 18, 1984.

See also, 52 B.R. 83.

Henry E. Sewinsky and Rodgers, Perfilio, Heiman & Sewinsky, P.C., Sharon, Pa., for First Nat. Bank of Mercer County.

Henry S. Moore, Grove City, Pa., Trustee pro se.

John Edward Calior, Hermitage, Pa., for debtors.

## MEMORANDUM

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

This matter is before us on a Complaint of the First National Bank of Mercer County for relief from automatic stay in order that it may receive payments due the husband-debtor from the New York Life Insurance Company under contract rights he assigned to the plaintiff June 19, 1975 as collateral for indebtednesses he then and thereafter contracted with said bank.

The debtor-husband was an insurance salesman for the New York Life Insurance Company and as such became entitled to benefits under a Field Underwriter's Contract dated June 1, 1963 which was superseded by a later agreement entitled "Modified Nylic No. 6" pursuant to his application therefor dated June 21, 1974, the effect of which is stipulated to by the parties in paragraph 12 of their Stipulation of Facts filed herein April 7, 1983 as follows:

"Basically Nylic worked as follows: as an insurance salesman, Debtor-husband sold life insurance policies to the public. Premiums for such policies were paid and are payable to New York Life. For every premium paid New York Life paid some portion of the premium to a fund which is disbursed monthly to salesmen such as Debtor-husband. These payments to Debtor-husband are vested and unreducible although payable in the future."

Pursuant to the above recited assignment, the debtor obtained loans from the First National Bank of Mercer County which amounted to $130,827.98 on the date of the bankruptcy filing, October 15, 1981.

In addition to the assignment of monies due the debtor from the New York Life Insurance Company, the bank took as collateral for these loans a mortgage on property at 59 Hadley Road, Greenville, Pennsylvania which it bought in at an execution sale it instituted and the parties agree the

fair market value of said premises was $80,000 and the balance of the indebtedness owing the bank after giving credit therefor was $50,827.98 as of August 17, 1978 plus costs of the sale of $4,342.22.

The bank also had a judgment which constituted a lien on residence real estate of the debtor's which the debtors claimed as exempt after avoidance thereof(?).

It is agreed in paragraph 14 of the stipulation that the payments New York Life Insurance Company was obligated to make to the debtor-husband from the Nylic fund are $909.07 per month, and a letter from the insurance company dated July 23, 1982 introduced as Exhibit 4 recited it paid $2,770.26 to the First National Bank of Mercer County for October, November and December, 1981 and paid to Mr. Rankin $2,523.65 in February, 1982 and $969.07 in March, 1982.

It remitted the sum of $13,826.28 to the trustee, Henry S. Moore, Esq., as recited in a letter dated September 13, 1983 introduced as Exhibit 5 after the Court made an Order directing it to pay all funds due the debtor-husband from it, to be held in escrow pursuant to further Order of Court which it says accomplishes payment of all funds owing to the debtor to May 1, 1984 and that it will hold subsequent monthly payments which will be due in the amount of $928.13 pending adjudication by this Court of the persons to whom said payments will be due.

The trustee advises that he ascertained the present value of the debtor's "renewal commission account" is $1,829.25 although the Stipulation seems to set forth the Modified Nylic Plan No. 6 superseded all prior agreements.

No written consent of the insurance company was made to the assignment by the debtor of funds due it from that company as collateral for the indebtedness of the First National Bank of Mercer Company, but it is agreed that the above-recited payments to the First National Bank and to the debtor, George C. Rankin, Jr., and to the trustee were nevertheless made.

The funds are claimed by the bank under its assignment and by the trustee on the ground that the assignment as collateral is invalid and unperfected because not consented to by the insurance company as required in modified Nylic No. 6 and that if the assignment is valid, he is entitled to the balance of the funds after payment of the indebtedness of the First National Bank. They are also claimed by the debtor on the ground that the bankruptcy negated or terminated the assignment, but no brief was submitted on behalf of said debtor in substantiation of said claim.

It is the present opinion of this Court that the collateral assignment of the debtor as funds for collateral for loans from the First National Bank is valid and that said bank is entitled to receive all funds presently and hereafter to become due thereunder until the amount of its indebtedness with interest thereon is fully paid on the ground that the requirement of the insurance company's consent was for its benefit if the debtor should have obtained advances of funds from it and that having paid over funds under the assignment it waived such requirement of consent. See cases in debtor's brief on waiver of consent.

It is our present view that the First National Bank of Mercer County shall forthwith state an account of the funds presently and in future owing it under by the debtor and secured by the assignment and that the New York Life Insurance Company and the Trustee should pay and remit such sums as are presently owing and are in their respective possessions to the said First National Bank of Mercer County and future sums as they become due until its indebtedness is paid.

It is the view of the Court that the payments above recited to have been made to the debtor by the New York Life Insurance Company in February, 1982 of $2,523.65 and in March $969.07 subsequent to the date of the filing of the within bankruptcy proceeding October 15, 1981 may have been improperly made, and that the debtor should remit said sums to the trus-

tee in bankruptcy for transmittal to the First National Bank of Mercer County; that in the absence of receipt of such funds from the debtor, the plaintiff should consider making the New York Life Insurance Company a party-defendant herein.

IT IS ORDERED that a rehearing shall be held on this matter at a date to be agreed on by the parties and Court at which a complete accounting shall be made of all sums due and to become due to or from all of the parties so the Court can make a definitive Order disposing of all such funds and matters.

It is requested that the parties submit briefs at said hearing documented with authorities with reference to their respective positions and all issues and whether the perfection of the bank's security interest is not governed by Section 9302(a)(3) of the Pa.U.C.C. which excepts the creation of a security interest by assignment of a beneficial interest under a trust from the filing requirements of said Code instead of Section 9302(a)(5) relating to assignment of a substantial portion of outstanding accounts receivable relied on by the First National Bank of Mercer County in its prior briefs.

Reconsideration will be given to the question of whether a debtor's right to receive compensation for services by way of salary or commissions is subject to the rights of a trustee in bankruptcy or attaching creditor when the subject funds are accumulated under the terms of a beneficial trust agreement such as modified Nylic Plan No. 6 of the New York Life Insurance Company, and whether such funds can be assigned for the benefit of a secured creditor.

The parties shall complete the record as to all monies and indebtednesses now or in the future involved in the controversies and all payments made in respect thereto and shall submit their legal positions documented by authorities on all questions of law on the issues before the Court.

The parties shall analyze the provisions of Modified Nylic Plan No. 6 and any other agreement between the Debtor and the Insurance Company relied on to substantiate their respective claims to the funds and shall quote the same specifically to the Court at or before the holding of the rehearing referred to.

This Memorandum and the Orders therein shall be construed as interlocutory statements for the guidance of the parties rather than definitive Orders subject to appeal at this time. Said statement and the directives therein are not binding at this time except to the extent they are directives as to the completion of the record and facts, conclusions and amounts to be found by the Court to be owing in a later Order.